**Opinion issued July 16, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00461-CR

_____

**JOSEPH SYLVESTER MITCHELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Court Cause No. 09-07701**

## MEMORANDUM OPINION

Appellant, Joseph Sylvester Mitchell, pleaded guilty to the offense of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(2) (West 2011). In accordance with appellant's plea-bargain agreement with the State, the trial court found sufficient evidence to find appellant guilty, but deferred making

any finding regarding appellant's guilt and placed appellant on community supervision for a period of 10 years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2012). The State then filed a motion to adjudicate appellant's guilt. *See id.* §§ 5(b), 21(e). Appellant pleaded not true to one alleged violation of the terms of his community supervision and true to a second alleged violation. After a hearing, the trial court found both allegations true, adjudicated appellant guilty, and sentenced appellant to 11 years in prison. *See id.* §§ 5(b), 21(b), 23. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response, appellant asserts that an 11 year sentence is unfair, because he pleaded guilty as part of a plea bargain agreement in exchange for the State's recommendation that his sentence not exceed 7 years in prison.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Terrence Leon Holmes must immediately send appellant the

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

required notice and file a copy of the notice with the Clerk of this Court.  *See* TEX.

R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).